**KILGORE et al. v. BURNS et al.**    (No. 2588.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 20, 1926. Rehearing Denied Feb. 17, 1926.)

**1. Husband and wife** ⬥264.

Evidence *held* sufficient to show property purchased by husband on contract immediately after marriage was his separate, and not community, estate.

**2. Husband and wife** ⬥264.

Only slight evidence is required to show that property purchased by husband immediately after marriage was his separate, and not community, estate.

**3. Descent and distribution** ⬥123—Father inheriting half of son's separate estate on' widow's remarriage held not required to account for half of payments received from estate on vendor's lien note covering such land.

Where father, as administrator of son's estate, made payments on vendor's lien note held by himself out of proceeds of sale of personal property of estate, and upon widow's remarriage he inherited one-half of land covered by such note which had been son's separate estate and widow's homestead prior to remarriage, he was not required to account for half of money received from estate on note.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Suit by D. R. Burns and another against Hallie Kilgore and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Carl Gilliland, of Hereford, for plaintiffs in error.

Turner, Dooley & Gobson and E. O. Northcutt, all of Amarillo, for defendants in error.

JACKSON, J. This suit was originally filed in the district court of Randall county, Tex., and by agreement of the parties transferred to the district court of Potter county, Tex., for trial.

D. R. Burns and M. J. Burns, husband and wife, plaintiffs below, sued Mrs. Hallie Kilgore and her husband, H. G. Kilgore and Wilse McDade, defendants.

Plaintiffs allege that A. E. Burns was their son, and died intestate on or about June 22, 1919; that on or about May 20, 1916, D. R. Burns and A. E. Burns, deceased, purchased together the west half of section 29, in block 8, situated in Randall and Deaf Smith counties, Tex., the title to which was taken in the name of D. R. Burns; that said land was by an oral agreement partitioned, A. E. Burns receiving the northwest quarter of said section of land; that he went into possession, made permanent and valuable improvements thereon, and had exclusive possession and use thereof at the time of his marriage to the defendant Mrs. Hallie Kilgore on or about April 22, 1918; that on or about May 16, 1918, D. R. Burns, to evidence the title already owned by A. E. Burns, by his proper deed conveyed to him said northwest quarter of said section of land; that the said A. E. Burns, at the time of his death, owned in his own separate right and estate said land, and that Mrs. Hallie Kil-

gore was his wife at the date of his death; that D. R. Burns was duly appointed administrator of the estate of the deceased, A. E. Burns, and qualified as such, but that said land at that time was the homestead of A. E. Burns, deceased, and not an asset of said estate in the administration proceedings, and was, on July 21, 1919, set apart by the probate court as the homestead of Mrs. Hallie Kilgore, in the name of Mrs. A. E. Burns, who later married H. G. Kilgore, and abandoned her homestead rights in said land, and, the administration having been closed, the land was subject to partition;. that the said A. E. Burns left no child or children, and Mrs. Hallie Kilgore inherited a one-half interest therein, and the plaintiffs, who were the father and mother of the deceased, inherited the other one-half interest; that Wilse McDade is in possession, occupying the same as the tenant of Mrs. Kilgore, but his rights are subject and inferior to the rights of the plaintiffs; that Mrs. Hallie Kilgore is in the exclusive possession of the land, appropriating the rents and revenues thereof to her own use which is of the value of $200 per year, one-half of which amount plaintiffs sue to recover, and for a partition of the land.

The defendants answered by general demurrer, general denial, and specially pleaded that the land described was the community estate of Hallie Kilgore and her deceased husband, who died intestate without issue, and at his death the title to said land descended to and vested in her; that, if said land was the separate property of her deceased husband, which she denies, the plaintiffs are estopped from claiming or asserting any title thereto as heirs of the deceased, because on May 16, 1918, after the marriage of Hallie Kilgore and A. E. Burns, the land in controversy was purchased from plaintiffs, and as a part of the consideration therefor the deceased executed and delivered to plaintiff D. R. Burns his promissory note for $1,500, dated May 16, 1918, and due on or before four years from date, with 6 per cent. interest, payable annually; that, after the death of A. E. Burns, and after the appointment of D. R. Burns as administrator, he appropriated and applied at different times various sums out of the proceeds of the community property belonging to the deceased and Hallie Kilgore as payments on said note, as well as the proceeds of separate personal property inherited by Hallie Kilgore from her husband, A. E. Burns, the exact amounts thereof, and the respective dates on which said payments were made, being unknown to the defendant Hallie Kilgore, but which she alleges was sufficient to discharge said note, principal, and accrued interest, except the sum of $182, which, on May 26, 1922, remained unpaid; that on October 24, 1921, the plaintiffs, because she had failed to pay an installment of interest due on said note, de-

clared it due, and instituted suit in the district court of Potter county, Tex., against her, joining therein her husband, H. G. Kilgore, pro forma, in which suit they sought to foreclose the vendor's lien securing the payment of the balance of the note against the land; that in said suit they charged that A. E. Burns was dead, and that the defendant Hallie Kilgore was his sole and only heir, and was the owner of said land, and, relying on said allegations, and believing them to be true, on May 26, 1922, she settled said suit, and paid to plaintiffs the balance due on said note, and plaintiffs caused said suit to be dismissed at their cost; that, after the death of her husband, A. E. Burns, she paid state and county taxes out of her separate funds on said land for the five years, and had not been reimbursed for said taxes, nor for any portion of the payments made by her and her said administrator, in discharge of said note. She then alleges the moneys received from said premises by her and the disbursements thereof, and prays that she have her judgment for title and possession to the land; but that, if plaintiffs are entitled to recover any interest in said land, then that they be required to account to her for all the moneys paid in discharge of said note, taxes, and for the other expenditures made by her, as alleged.

By supplemental petition, the plaintiffs filed general and special exceptions; denied that D. R. Burns, as administrator, applied proceeds of the community property of A. E. Burns and Hallie Kilgore upon the note; and allege that the payments made on the note were in the regular course of the administration of the estate from proceeds realized from the sale of the separate property of the deceased, A. E. Burns, which sales were made under the direction of the probate court, and that in the settlement of the vendor's lien note sued upon in the district court, and in the written release of said note, express reservation was made that such release should not operate to relinquish any rights which plaintiffs might have to the land in question, or any interest therein.

To special issues submitted by the court the jury answered, in effect, that D. R. Burns and A. E. Burns purchased the west half of section 29, block 8, as joint and equal owners, and it was understood between them, before the marriage of A. E. Burns, that he should own the land in controversy, and that he had paid $500 on the purchase price; that he claimed the land, and the deed to him was intended to evidence his ownership before his marriage; that by oral agreement the land was partitioned before the marriage between D. B. Burns and A. E. Burns; and that A. E. Burns took the north half, and D. R. Burns the south half of said half section; that before his marriage A. E. Burns took possession of the land in controversy, and made valuable improvements

thereon, with the expectation of perfecting his title thereto.

On these findings the court rendered judgment that plaintiffs have and recover of the defendants title and possession to a one-half undivided interest in the land; and, the parties having agreed in open court that the property was not susceptible of partition, the land and improvements were ordered sold.

Upon a consideration of the statement of the accounts between the parties the defendant Hallie Kilgore was given judgment against the plaintiffs for the sum of $28.32, with interest thereon at the rate of 6 per cent. per annum. Upon adjusting the accounts, the court took into consideration only $182 paid by Hallie Kilgore on the $1,500 note executed by A. E. Burns to D. R. Burns as a part consideration for the land in controversy, and did not require the plaintiffs to account for the payments made on said note by the administrator from the proceeds of the sale of the personal property belonging to the estate of A. E. Burns, deceased.

From this judgment in favor of plaintiffs, hereinafter called appellees, the defendants, hereinafter called appellants, have appealed.

[1] The first assignment of appellants challenges, as error, the action of the trial court in failing to peremptorily direct a verdict in their behalf, because the testimony is insufficient to show that the land in controversy was the separate property of A. E. Burns.

The record shows that the west half of section 29, block 8, was purchased May 20, 1916, for a consideration of $4,000, $1,000 in cash, and $3,000 due on or before six years after date, and the title taken in the name of D. R. Burns. The evidence tends to show that D. R. Burns and A. E. Burns were to own the land equally and jointly, and that A. E. Burns paid $500 cash consideration, and thereafter, by oral agreement, a partition was had, and that A. E. Burns took the north one-half and D. R. Burns received the south one-half; that A. E. Burns, before his marriage to Hallie Kilgore, placed improvements thereon, consisting of house, well, windmill, fencing, and cultivation of the land; that he was married April 22, 1918; and that on May 16th thereafter the deed to his part of said land, the quarter section in controversy, was made to him by D. R. and M. J. Burns, his father and mother, for a recited consideration of $2,000, $500 in cash, and a vendor's lien note for the sum of $1,500, payable on or before four years from date; that he was farming the land before his marriage, and, after his marriage to appellee Hallie Kilgore, he continued to reside with her on said premises until he died, on or about June 22, 1919; and that the vendor's lien note against the land had not been paid.

In our opinion, the testimony is sufficient to warrant the finding that the land in controversy was the separate property of A. E. Burns, deceased.

[2] "Under the authorities, only slight evidence is required to show that property purchased by the husband immediately after the marriage is his separate estate." Lewis et al. v. Pitts et al. (Tex. Civ. App.) 275 S. W. 473.

[3] Appellants by proper assignment urge that—

"The court erred in its final decree in refusing to give the defendant Hallie Kilgore judgment against D. R. Burns for the amounts paid on the note by the said D. R. Burns, as administrator of the estate of A. E. Burns, deceased, out of the funds belonging to said estate."

The contention under this assignment is that, if a husband dies intestate, and leaves no children or descendants of children, his surviving wife takes and inherits all of the personal property, whether it be separate property of the husband or community property of the husband and wife, and that D. R. Burns was the payee in the vendor's lien note executed to him by A. E. Burns for the sum of $1,500 as a part consideration for the land in controversy, and as administrator of the estate of A. E. Burns he paid to himself $1,336.20 out of the proceeds of the sale of personal property belonging to the estate; and, if a half interest in the land was inherited by plaintiffs, they should be required to account to Mrs. Hallie Kilgore, the appellee, for one-half of the $1,336.20, because her funds were used to discharge the lien debt, and the plaintiffs should have been required to pay one-half on said note in order to inherit, free of incumbrance, a one-half interest in the land in controversy. Appellants' contention under this proposition has been definitely settled against them by the decisions of the courts of this state. T. A. Minter et al. v. S. B. Burnett, Adm'r, et al., 38 S. W. 350, 90 Tex. 245; Brown v. Fleming (Tex. Com. App.) 212 S. W. 483; Cavitt v. Beall Hardware & Implement Co. (Tex. Civ. App.) 204 S. W. 799; Bishop et al. v. Williams et al. (Tex. Civ. App.) 223 S. W. 512.

Appellants' assignment, urging error because one of the special issues submitted by the trial court was duplicitous under the record in this case, is not tenable.

Finding no reversible error, the judgment is affirmed.