BARTLETT v. BRIGHTMOOR RECREATION CLUB, INC.

FRAUD—RESCISSION OF LEASE—TERMINATION OF UNDERLYING LEASE—REMOVAL OF FIXTURES.

> Decree of trial court rescinding two-year lease of bowling alley on ground of fraud and granting lien on equipment leased for sums expended by lessee upon premises is affirmed, where underlying lease terminated long before plaintiff's lease and his lessor wrongfully removed leased fixtures.

Appeal from Wayne; Miller (Guy A.), J. Submitted April 25, 1934. (Docket No. 165, Calendar No. 37,813.) Decided June 4, 1934.

Bill by Walter N. Bartlett against Brightmoor Recreation Club, Inc., a corporation, and Samuel A. LaVine for rescission of a lease and for other relief. Decree for plaintiff. Defendants appeal. Affirmed.

*Charles Bowles* (*Harry L. Shaberman,* of counsel), for plaintiff.

*Milton B. Safier* (*Harold Goodman,* of counsel), for defendants.

POTTER, J. March 30, 1932, the Brightmoor Recreation Club, Inc., a Michigan corporation, of Detroit, gave an option to plaintiff to lease or purchase a bowling alley and poolroom on Fenkell avenue in Detroit. Such lease, if made, to commence September 1, 1932, and to be for a period of two years, terminating August 31, 1934. Plaintiff was to pay down $500 by his promissory note in case he elected to lease. September 1, 1932, a two-year lease was executed to plaintiff and in and by it the lessor acknowledged the receipt of the $500 promissory note. After the option was signed, plaintiff spent $692.98 in redecorating the premises in pursuance of a verbal contract with lessors which plaintiff claims he fully performed. All this sum was expended before the written lease was executed.

The Brightmoor Recreation Club, Inc., was a lessee of the Century Investment Company. It held under a lease which expired April 1, 1933, long before the time to which plaintiff's lease ran.

Upon discovery his lease would be terminated with the expiration of the underlying lease of the Brightmoor Recreation Club, Inc., plaintiff tendered the premises back to lessors and filed a bill in chancery in the circuit court of Wayne county to rescind

the contract of lease on the ground of fraud, and to obtain a lien upon the property leased for the money paid out by him of which he claimed to have been defrauded. .

The night after the case was heard and after the trial court announced what decree would be and before such decree was settled or entered, defendant LaVine entered the premises and removed therefrom, in the nighttime, the bowling alleys leased to plaintiff. The next day attorneys for plaintiff and defendants were in court and testimony was adduced by plaintiff of this removal of property. Some of plaintiff's witnesses were cross-examined by defendants' attorney, after which the trial court ordered a return of the property so removed and entered a decree of rescission, giving plaintiff a lien in the amount of $692.98 on the property leased, which was specifically described in the decree of the trial court. Defendants claim there was no fraud; a lien cannot be declared for the amount of the expenditures made upon the property by plaintiff before the lease was executed; that plaintiff, having tendered back the property, defendants had a right to remove it from the premises, and that such property is not subject to a lien. Plaintiff, in addition to what is alleged in the bill of complaint, claims that if there was any doubt of plaintiff's right to rescind upon the ground of fraud, defendants elected to rescind absolutely by removing the bowling alleys and personal property leased to plaintiff from the premises and by preventing plaintiff, even though he so desired, from carrying out and performing the contract of lease. Without here reviewing in detail the testimony adduced, we are satisfied from the statements, acts and conduct of defendants, plaintiff is entitled to the relief

granted by the trial court, and its decree is affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.