### EATON v. FIRST NAT. BANK OF LITTLEFIELD et al.

#### No. 4448.

Court of Civil Appeals of Texas. Amarillo.

July 1, 1935.

Royce A. Oxford, of Plainview, for appellant.

Walker Barton, of Littlefield, for appellees.

HALL, Chief Justice.

This is an action by the appellee bank against Acrey Barton and wife, Grace Barton, upon a promissory note executed by them payable to the bank, dated March 29, 1934. The bank further seeks a foreclosure of a deed of trust upon twenty acres of land located in Brown county given by Barton and wife the same day to secure the note. Eaton was made a party defendant upon the allegation that he was claiming some interest in the property.

Eaton answered, and by cross-action alleged that he owned the land described in the petition in fee simple. He further alleged that on March 13, 1926, one Lee Yantis recovered a judgment against H. P. Jones and wife in the justice court of Brown county in the sum of $34.25, with 10 per cent. interest from October 30, 1923, together with 10 per cent. attorney's fees and costs of suit; that an execution

was duly issued upon said judgment and levied upon Jones' land in Brown county, and the land was sold July 1, 1930, by the sheriff, who executed his deed conveying the property to Eaton, which said deed was duly recorded in said county on the same day; that he paid a valuable consideration for said land, and the lien of the bank, if any it has, is inferior to his title.

Acrey Barton and wife answered, admitting their indebtedness to the bank, their execution of the deed of trust, and impleaded Mrs. Ruby Lollis and her husband, A. H. Lollis, making them parties to the suit, alleging that they purchased the land from Mrs. Ruby Lollis, who was formerly Mrs. H. P. Jones, on February 9, 1934; that Mrs. Lollis had inherited said property, the same being decreed to her in a partition suit wherein the estate of Tom Marlin was partitioned in cause No. 5053 in the district court of Brown county.

Mrs. Lollis and her husband answered the cross-action of Eaton by general demurrer and general denial. Mrs. Lollis alleged that she was formerly the Ruby Jones to whom the tract of land partitioned in the Marlin Estate was allotted; that she had conveyed the land to Barton for a valuable consideration and was not a party to the suit alleged to have been filed in the justice court of Brown county by Lee Yantis; that she was a resident of Tom Green county, and no citation or process of any kind was ever issued out of the justice court of Brown county and served upon her, and that said alleged judgment and sale are void for want of jurisdiction of the justice court over her person. She prayed that the sale be set aside.

The case was tried to the court without a jury, and judgment was rendered setting aside the judgment of the justice court of Brown county and declaring it void, and further decreeing that the deed from the sheriff of Brown county to Eaton be canceled and removed as a cloud from the title to the land involved. The court further decreed that the First National Bank recover upon the note sued upon, and that its deed of trust be foreclosed as to all parties.

Eaton has appealed and assigns error upon the failure of the court to file findings of fact and conclusions of law. The record shows that request was made that the court file such findings, and that no such findings were filed.

■ Article 2247 was amended by the Acts of the Forty-Second Legislature, 1931, c. 76, § 1 (Vernon's Ann. Civ. St. art. 2247), and provides that if the trial judge, after having been requested to prepare findings of fact and conclusions of law, shall fail to do so, the parties so demanding, in order to complain of the failure of the judge, shall in writing, within five days after such period, call the omission to the attention of the judge. The appellant failed to comply with this requirement of the statute, and cannot now complain of the failure of the trial judge to prepare and file such findings and conclusions. Gourley v. Eastman (Tex. Civ. App.) 70 S.W.(2d) 305; Stevenson v. Fisk (Tex. Civ. App.) 65 S.W.(2d) 507.

■ Under several assignments the appellant complains of the action of the trial judge in permitting Mrs. Lollis, formerly Mrs. H. P. Jones, to testify that prior to the rendition of the judgment against her and her former husband, H. P. Jones, in the justice court of Brown county, she had not been served with citation and had no notice whatever of the pending of the suit. The justice court judgment, dated March 13, 1926, recites: "It appearing to the Court that service being obtained on defendants, Homer P. Jones and Mrs. Homer P. Jones, and they not appearing to answer * * *."

This is a collateral attack upon the judgment of the justice court. 25 Tex. Jur. 857, § 330, says: "A clear and definite recital of jurisdictional findings imports absolute verity, and according to the weight of authority is conclusive of the issue of jurisdiction, and no evidence of any kind —not even the remainder of the record— will be received in contradiction thereof; even though such evidence would demonstrate that jurisdiction was not in fact acquired. In other words, a judgment that contains recitals of this character is not void, but merely voidable, and is subject to attack only by means of a direct proceeding instituted for that purpose. It is invulnerable to collateral attack, no matter how invalid it may be."

In Switzer v. Smith (Tex. Com. App.) 300 S. W. 31, 33, 68 A. L. R. 377, Judge Speer says: "Since Treadway v. Eastburn, 57 Tex. 209, it has been the uniform holding of the courts in this state that, as against a collateral attack, the recitation of due service in the judgment proper is

270

conclusive upon such matter, and may not be contradicted by other facts, whether appearing in the record or aliunde. Such recitation imports absolute verity. Martin v. Burns, 80 Tex. 676, 16 S. W. 1072; Gibbs v. Scales, 54 Tex. Civ. App. 96, 118 S. W. 188 (writ refused); Chapman v. Kellogg (Tex. Com. App.) 252 S. W. 151; Borders v. Highsmith (Tex. Civ. App.) 252 S. W. 270; Mariposa Mining Co. v. Waters (Tex. Civ. App.) 279 S. W. 576; Gillette's Estate v. State (Tex. Civ. App.) 286 S. W. 261; Barton v. Montex Corp. (Tex. Civ. App.) 295 S. W. 950."

The judgment is reversed, and the cause remanded.