**LEINNEWEBER et al. v. GEORGE et al.**

No. 8263.

Court of Civil Appeals of Texas. Austin.

June 10, 1936.

Alfred Petsch and H. H. Sagebiel, both of Fredericksburg, for appellants.

N. T. Stubbs, of Johnson City, for appellees.

BAUGH, Justice.

This suit involves the title to 252 acres of land in Blanco county. Appellee Hettie O. George (joined pro forma by her husband), sister and sole heir of Mary Elizabeth Leinneweber, deceased, who was the third wife of Pedernales Leinneweber, also deceased, brought this suit against the appellants, who are the children of Pedernales Leinneweber by former marriages, to recover said land. Appellee claimed title from her sister, Mary E. Leinneweber, under the laws of descent and distribution, and that said property was the community estate of Mary Elizabeth and Pedernales Leinneweber. The appellants claimed title under the will of their father, Pedernales Leinneweber, and that said property was his separate estate. Trial was to a jury, but at the close of the evidence the trial court instructed the jury to find that same was community property of Mary Elizabeth and Pedernales Leinneweber, awarded appellee a half interest therein, and to appellants the other half subject to the charge of a bequest of $1,-000 to Ethel Caddell, a daughter of Pedernales Leinneweber by his second wife, provided in said will. All the other appellants are children of Pedernales Leinneweber by his first wife. The court also found that the land was incapable of partition, ordered it sold and the proceeds distributed as above indicated. From this judgment all of the children of Pedernales Leinneweber have appealed.

The only question presented is whether there was sufficient evidence to go to the jury on the issue of whether or not said property was the separate estate of Pedernales Leinneweber. We have concluded that there was, and that the trial court erred in instructing a verdict that same was the community property of Mary Elizabeth and Pedernales Leinneweber.

The following facts and circumstances were shown:

Pedernales Leinneweber married Mary E. Leinneweber on June 14, 1908. On January 2, 1910, he purchased from the Collins heirs 318 acres of land in Blanco county, including the land in question, for $2,600, $1,300 paid in cash and the execution by him of two notes for $650 each. On March 26, 1910, P. Leinneweber, joined pro forma by his wife, sold and conveyed 66 acres of this land for $495, all of which was paid to the Collins heirs on the purchase price for the whole tract. There was evidence that on December 9, 1909, P. Leinneweber, joined by Mary E. Leinneweber, sold and conveyed, for a consideration of $1,800, certain lands in Hays county, the deed reciting that same were the separate property of Pedernales Leinneweber, acquired by him long prior to his third marriage; that there was deposited to his credit in the bank at San Marcos, out of said sale, the sum of $1,048, $500 of which was on March 26, 1910, paid to the Collins heirs for said land; that Pedernalles Leinneweber, joined by the other heirs, sold and conveyed his interest in his father's estate in the early part of 1910, for which he received payment in cash, the exact amount not being shown, but that on April 16, 1910, there was deposited in the bank at Johnson City to his credit the sum of $1,263.64, and on April 30, 1910, $667.75 paid out to the Collins heirs on the land here involved. Pedernales Leinneweber's bank account, shown in the record, discloses that between February 28, 1910, when the $500 was transferred from the San Marcos bank to the Johnson City bank, obviously being the funds derived from the sale of lands in which Mary E. Leinneweber had no interest, and April 26, 1910, when the $1,263.64, which the jury could properly conclude was received by P. Leinneweber from the sale of his interest in his father's estate, there was deposited otherwise to his credit in the Johnson City bank only $10 by Pedernales Leinneweber. These two items, together with the cash received by P. Leinneweber from the sale of the 66 acres, which was admittedly paid to the Collins heirs on the purchase price for said land, aggregated more than enough, and which the jury could from the evidence have properly found to be the separate funds of P. Leinneweber, to make the full cash payment made for the lands in question.

In addition to the foregoing facts and circumstances, the following appears without controversy: Pedernales Leinneweber died testate in 1922. In his will, which was duly probated, he devised to his wife, Mary Elizabeth Leinneweber, a life estate in and to all his property, both separate and community; to his daughter Ethel May (Mrs. Caddell, the only child by his second wife), $1,000; and the residue to his other children, share and share alike. Mary Elizabeth Leinneweber was appointed executrix without bond, duly qualified as such, and under oath returned an inventory of Pedernales Leinneweber's estate. This inventory listed the lands here involved as the separate estate of Pedernales Leinneweber, deceased. Nor is there any evidence that Mary Elizabeth Leinneweber at any time during the twelve years prior to her death intestate in 1934 ever asserted any claim to or interest in said property other than a life estate. The inventory returned by her is we think particularly significant as evidence in that it manifests a clear purpose on her part to set apart the separate estate of her deceased husband from their community estate. In it she listed one horse as the separate property of her deceased husband (perhaps the only one remaining which he had on hand when he married her in 1908) and certain household and kitchen furniture. Immediately following this list of his separate property, she inventoried the community property in which she listed other livestock, farming implements, and other kitchen furniture. The conclusion is inescapable, we think, that, in view of these listings in the inventory, she understood full well, and recognized, the nature and character of the properties inventoried and sought to segregate the separate property of Pedernales Leinneweber from the community property in which she was entitled to an interest.

In the light of the foregoing, it is manifest, we think, that the trial court erred in holding that there was no evidence that the property involved was the separate estate of Pedernales Leinneweber, and in instructing the jury to find that same was community property of Pedernales and Mary Elizabeth Leinneweber.

The rule is elementary that, where issues of fact are controverted, it is error for the court to instruct a verdict in favor of either party if there be competent evidence of probative force to the contrary

or evidence upon which reasonable minds could differ. Practically the only evidence that said lands constituted community property of Pedernales and Mary Elizabeth Leinneweber was the fact that it was acquired about 18 months after their marriage. Under article 4619, R.S. 1925, this created the presumption that it was community property. This presumption, however, is not conclusive. We are not unaware of the decisions holding that such presumption must be overturned by clear and satisfactory evidence. Schmeltz v. Garey, 49 Tex. 49, 61; Rippy v. Rippy (Tex.Civ.App.) 49 S.W.(2d) 494, 495, and cases there cited. There have been no intervening interests of innocent purchasers nor rights of creditors involved in the instant case, however, and no adverse claimants to any of said lands. Nor have there been any mutations of said property since its acquisition, and no such intermingling of separate funds with community funds over a continuing period of time as appear in the cases cited. If the funds involved, that is, the $1,048 and the $1,263.-64, constituted the separate funds of Pedernales Leinneweber, and the evidence was sufficient to support such a finding, the evidence was sufficient to show that same were used to make the cash payment by Pedernales Leinneweber for the lands in question. The general rule is that title to land "relates to its origin, and must take the impress of its character from it." Welder v. Lambert, 91 Tex. 510, 526, 44 S.W. 281, 286; Word v. Colley (Tex.Civ. App.) 173 S.W. 629, 632; White v. Hebberd (Tex.Civ.App.) 89 S.W.(2d) 482, 485. And, when that character as separate property attaches, it is immaterial that part of the unpaid purchase price thereafter be paid from community funds. In such case the community estate would be entitled to reimbursement out of the separate estate of such spouse to the extent of the community funds so used.

■■ Whether, in the instant case, said lands at the time of their purchase became the separate estate of Pedernales Leinneweber or not, if his separate funds were used for that purpose, in the absence of a different intention, his separate estate became vested with an interest or equity in said land to the extent of the separate funds so paid. Foster v. Christensen (Tex. Com.App.) 67 S.W.(2d) 246, 249; Cummins v. Cummins (Tex.Civ.App.) 224 S. W. 903, 905; Ralls v. Ralls (Tex.Civ.

App.) 256 S.W. 688, 693. While the general rule is that under statutory presumption property acquired after marriage is community property, unless the contrary appear from clear and satisfactory evidence, what constitutes "satisfactory evidence" must be determined in the light of the surrounding facts and circumstances. It has been held in instances where it was improbable that after marriage, and before such purchase, the community income of the spouses was sufficient to make such payment, such facts may be given weight in determining the character of the property involved. In Lewis v. Pitts (Tex.Civ. App.) 275 S.W. 473, and in Kilgore v. Burns (Tex.Civ.App.) 280 S.W. 315, 317, it is said that "only slight evidence is required to show that property purchased by the husband immediately after the marriage is his separate estate." In the light of these cases, the facts and circumstances shown, and the fact that Mrs. Mary E. Leinneweber under oath listed said lands as separate property of her husband, which fact, though not necessarily binding upon her, amounted to an admission against interest and unless the contrary were shown, was prima facie evidence of such fact, were clearly sufficient to make such issue a jury question.

In Wideman v. Coleman, 17 S.W.(2d) 786, the Supreme Court held that oral statements made by the surviving wife, as against a claim that property acquired during marriage was her separate property, inconsistent with and contradictory of the community claim, were sufficient to raise a jury issue. In the instant case, there was no affirmative evidence of any claim to said lands made by Mary E. Leinneweber other than a life estate, and her occupancy thereof during her lifetime of itself was not repugnant to, but consistent with, such estate. On the other hand, there was during all that time of record her sworn statement to the contrary.

But appellee asserts that in any event she showed title to a half interest in said property acquired after the death of Pedernales Leinneweber by conveyance from Mrs. Caddell and husband, to Mary E. Leinneweber. This on the ground that the evidence showed that the land sold in 1909, from which the $500 payment was claimed by appellants to have been made, was acquired as community property of her father, Pedernales Leinneweber, and her mother, who was his second wife; and

that she, being the only child of that marriage, inherited the half interest of her mother. The case, however, was not developed on this issue, and no showing was made whether her father had already settled with her for her interest in her mother's estate; nor whether more than $500 of the funds of that community had been paid on said lands. The record discloses that there was deposited to the credit of Pedernales Leinneweber from that sale $1,048. Of this sum only $500 was transferred to the Johnson City bank, and, as contended by appellants, paid as purchase money for the lands in question. For aught the record shows, the remainder may have been paid to Mrs. Caddell in settlement of her interest in her mother's estate. If so, she, of course, had no further interest in that community, and, since her deed in 1923 to Mary E. Leinneweber conveyed only her interest in her mother's estate, and expressly excepted therefrom any interest in her father's estate, such deed would convey to Mary E. Leinneweber no title to the lands here involved.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.