## CAIN v. CAIN.

### No. 2182.

Court of Civil Appeals of Texas. Waco.

Nov. 23, 1939.

Rehearing Denied Dec. 21, 1939.

Purl & Pearson, of Corpus Christi, and W. B. Halbig, and Frank Vaughan, both of San Antonio, for plaintiff in error.

Sidney P. Chandler, of Corpus Christi, and Naman, Howell & Boswell, of Waco, for defendant in error.

ALEXANDER, Justice.

This suit was brought by J. Wilbur Cain against Norma Cain for divorce, for partition of their community property, and for custody of their minor child, Nell Kelleen Cain. A trial before the court without a jury resulted in judgment in favor of the plaintiff for divorce and for partition of the community property, but the defendant was awarded the custody of the minor child, subject to certain limitations. Each of the parties sued out a writ of error.

Mrs. Cain, the defendant, contends that the judgment of the trial court is invalid because it was rendered after the expiration of the term at which the trial was begun and no valid order was entered extending the term. The trial was begun during the May 1938 term and the introduction of evidence was concluded on June 22nd. The court took the case under advisement and on June 25th, the last day of the May term, entered an order reciting that the court was in the midst of the trial of said cause and ordering the term extended "until the conclusion of such pending trial." Final judgment was rendered on July 18th. The order extending the term of court appears to have been made in compliance with the provisions of R.S. art. 1923, and was therefore valid. 11 Tex.Jur. 805; Gulf, C. & S. F. Ry. Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613.

The defendant assigns as error the failure of the trial court to file findings of fact and conclusions of law as is now required by Revised Statutes, art. 2247, as amended by Acts 1931 42nd Leg., p. 118, ch. 76, sec. 1, Vernon's Ann.Civ.St. art. 2247. As above stated, final judgment was rendered on July 18th. A motion for new trial was filed on July 22nd, but it does not appear that the motion was ever acted upon. The judgment was entered in the Minutes on September 13th. On the last named date defendant filed a written request for the filing of findings of fact and conclusions of law. On the same day the court entered an order granting the request, but did not at any time thereafter file such findings and conclusions. The defendant filed her petition for writ of error on October 12th, and service thereon was completed October 28th. The plaintiff filed his petition for writ of error on October 27th, and service thereon was completed November 2nd. On December 8th the defendant filed in the lower court a notice to the trial judge that findings of fact and conclusions of law had not been filed in accordance with her previous request and the defendant therein again requested that such findings be filed. The trial judge signed an order on December 8th, reciting that the last above mentioned notice had been called to his attention October 12th. Revised Statutes, art. 2247, as amended, reads as follows: "When demand is made

therefor, the Judge of a District or County Court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the Court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the Judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification." The time for filing the transcript in the court of appeals began to run on completion of service of citation in error and expired sixty days thereafter. Revised Statutes, art. 1839, as amended, Acts 1933, 43rd Leg., p. 142, ch. 67, Vernon's Ann.Civ.St. art. 1839. As above stated, service of citation on defendant's petition for writ of error was completed on October 28th, and on plaintiff's petition for writ of error on November 2nd. We will use the last above named date for the purpose of determining when the trial judge should have been notified the second time to file his findings of fact and conclusions of law because that date is more favorable to Mrs. Cain than would be the date of October 28th. Since service was completed on November 2nd on the plaintiff's petition for writ of error, the time for filing transcript in the court of appeals expired on January 1st. Under the provisions of Revised Statutes, art. 2247, as amended, the trial judge had until December 2nd (thirty days prior to January 1st) in which to file his findings of fact and conclusions of law, and upon his failure to do so, the defendant had five days thereafter, or until December 7th, in which to give the second notice provided for in the statute. If the second notice was called to the attention of the trial judge on October 12th, as recited in the judge's order, it was made prior to the expiration of the thirty day period allowed the trial judge for the filing of his findings of fact and conclusions of law and was therefore too soon. If the second request be considered as having been given on December 8th, the date on which the judge signed the order reciting that the matter had been called to his attention on October 12th, it came too late because it was given after the expiration of the five day period allowed for the second notice. It has been held that a compliance with the provisions of Art. 2247, as amended, is essential in order to authorize a reversal on account of the failure of the trial court to file such findings. 41 Tex.Jur. 1260; Eaton v. First National Bank, Tex.Civ.App., 85 S.W.2d 268; Gourley v. Eastman, Tex.Civ.App., 70 S.W. 2d 305. For these reasons, this assignment must be overruled.

■ The defendant challenges the sufficiency of the evidence to authorize the granting of a divorce in favor of the husband. There was evidence that on two different occasions Mrs. Cain had struck her husband, once with a chair and another time with a stew pan; that she had purposely embarrassed her husband in public many times; that she had mutilated her clothes and provoked an argument between her husband and a neighbor by accusing the neighbor of destroying the clothes; and that she was extremely careless in her own personal hygienic habits. It would serve no useful purpose for us to set out the evidence any more in detail, but it is sufficient to say that it was ample, if believed by the court, to justify the granting of the divorce, Yosko v. Yosko, Tex.Civ. App., 97 S.W.2d 1023; Hyatt v. Hyatt, Tex. Civ.App., 111 S.W.2d 341; McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Burns v. Burns, Tex.Civ.App., 76 S.W.2d 821; Parks v. Parks, Tex.Civ.App., 55 S.W. 2d 242.

■ In December 1936, the plaintiff J. Wilbur Cain's mother and father deeded to J. Wilbur Cain and his sister, Lena Frances Cain, certain lots in the city of Corpus Christi, referred to in the statement of facts as the "downtown property." This deed was executed after the marriage of the plaintiff and defendant and for that reason the defendant contends that the property was community property and that the trial court should have awarded her a one-half interest therein. The deed recites a cash consideration of $10 and "the further consideration of the love and affection which we bear for the said J. Wilbur Cain and Lena Frances Cain" and the further consideration that the grantees assumed and agreed to pay an outstanding indebtedness against the property in the sum of $10,000. The deed was accompanied by a letter from the father and mother to the children, which showed unmistakably that the property was a gift from the parents to the children. Under these circumstances, we think the lots in question became the separate property of the said J. Wilbur Cain and his sister, and that by reason thereof the court did not err in

awarding it exclusively to the plaintiff J. Wilbur Cain. Leinneweber v. George, Tex.Civ.App., 95 S.W.2d 478, 479; White v. Hebberd, Tex.Civ.App., 89 S.W.2d 482; Janes v. Gulf Production Co., Tex.Civ. App., 15 S.W.2d 1102; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620.

 The plaintiff complains of that part of the judgment which awards the custody of the minor child to Mrs. Cain. In matters of this kind, the welfare of the child is the paramount issue. We recognize that the evidence above referred to tends to reflect to some extent on Mrs. Cain's suitableness to care for the child, but the record also reflects that the plaintiff's character is likewise not without its blemishes. There was evidence that at times he drank intoxicating liquor to excess and on one occasion indulged in conduct unbecoming to a married man. The trial court was apparently attempting to make the best of a difficult situation and we cannot say as a matter of law that error was committed in awarding the custody of the child to the mother. The child is a girl only five years of age. It is generally held where other things are equal, preference should be given to the mother in awarding the custody of the child, especially where it is of tender years, and this rule prevails notwithstanding the divorce may have been granted to the father. Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241, par. 6, and authorities there cited. The record discloses that Mrs. Cain has heretofore suffered with tuberculosis, but that at the time of the trial the disease was in an arrested state. The plaintiff has expressed a fear that the minor child may contract the disease if allowed to remain with her mother. There was testimony to the effect that the child was in no danger of infection so long as the disease was in an arrested state. The trial court, in the decree awarding the custody of the child to the mother, provided for monthly physical examinations of both the mother and the child for a period of eighteen months in the future, and this ought to be sufficient to properly protect the health of the child. If conditions should change in the future, the jurisdiction of the trial court may be invoked for a reawarding of the custody of the minor child. This assignment is overruled.

 There is no error in the judgment of the court allowing a fee of $600 to the attorneys who represented Mrs. Cain in the suit. It is not contended that the suit was not defended in good faith. It does not appear that she has sufficient separate property to pay the fee. In addition to the matter of the divorce and the custody of the child, the title to considerable separate property was involved, and the fee of $600 is therefore not unreasonable. 15 Tex.Jur. 653, 655.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.