**FRANKFURT v. DECKER.**

No. 13536.

Court of Civil Appeals of Texas. Dallas.

May 19, 1944.

Rehearing Denied June 9, 1944.

J. J. Fagan and Bruce L. Graham, both of Dallas, for appellant.

Carter & Gallagher and Ben T. Warder, Jr., all of Dallas, for appellee.

YOUNG, Justice.

The suit below was by plaintiff Decker for breach of an alleged verbal lease of parking lot space for one year; the damages being incident to his eviction and forced removal to another lot. Upon trial to the court and plaintiff's judgment for $500, this appeal was taken.

For the year ending December 15, 1942, defendant Frankfurt had been renting a used car lot at 2023 Ross Avenue for $75 per month, subletting the major portion to one Mathis for $50 per month; plaintiff occupying some of the space under an arrangement with Mathis from August to November, when the latter moved. Decker then commenced paying Frankfurt $50 per month for part use of the lot, having knowledge that the primary lease expired December 15. His cause of action on claim of verbal contract was concisely stated by Decker himself on direct examination:

"Q. The basis of this suit is a verbal contract you had with Mr. Frankfurt, tell me the facts leading up to that contract please, prior to your making that contract? A. I moved over with the intention of getting a lot about that size, that would hold forty or forty-five thousand dollars' worth of cars. I had found a lot and had one in view, the Lone Star Cadillac place, with the same rental I was paying, and I told Mr. Frankfurt I believed I was going to move and he informed me he had an option to the 15th day of December, beginning the 15th of December until the 15th day of December, '43, that if I would wait a few days he would exercise the option and sign his lease. He came to me somewhere be-

tween the first and the fifth and told me he had signed a new lease, but he didn't want to stay on that big lot without someone would stay with him; he said if I would agree to stay there that he had signed the lease, and if I would continue to pay $50 a month, I could stay until the 15th of December, 1943. So, we agreed for me to stay in there another year. * * *

"Q. You did not move up to the lot you anticipated moving to? A. No sir, I cancelled that deal and stayed on this lot."

Decker continued rental payments to Frankfurt until April, 1943, when he was evicted by the lot owner through legal process, and his damages as alleged were for increased rental of another lot and cost of preparing same for his use; seeking a total recovery of $7,300. He testified to never having seen the 1942 written lease, relying entirely upon Frankfurt's oral representations, above quoted. On the other hand, defensive testimony flatly contradicted the claim of verbal contract, Frankfurt testifying that in December, 1942, he had positively informed Decker of the lease termination, and that any holding over would be from month to month; the lease in evidence containing an express provision to the same effect.

In substance, the points of appeal are: (1) Error of the trial court in failing to make findings of fact and conclusions of law as required by Rules 296, 297, Texas Practice and Procedure, defendant having made request therefor, and later, in writing, having called the court's attention to such omission; (2) insufficiency of evidence to support plaintiff's recovery, because Decker knew that Frankfurt's lease expired December 15, 1942, hence (a) could not have been deceived or induced to enter into a verbal contract upon the faith of any representation of defendant; and (b) the resulting damages were due to Decker's own inattention and carelessness in not making inquiry as to renewal terms of said lease; (3) Decker, a subtenant, was bound by the lease conditions equally with Frankfurt, as a matter of law, his rights being subject thereto; and no cause of action accrued to plaintiff by reason of the verbal contract, if made, as the lease provided that Frankfurt was occupying the property after December 15 from month to month; (4) the court's error in permitting plaintiff's bookkeeper to testify from a memorandum in hand instead of from his books;

the memorandum testimony thereby becoming hearsay, self-serving and inadmissible.

■ Appellant first points to the infraction by the trial court of Rules 296, 297, Texas Procedure (failure to make findings upon demand); and here it should be noted that the instant record contains a complete statement of facts approved by defendant's counsel. Rule 297 provides: "When demand is made therefor, the judge of a district or county court thirty days before the time for filing transcript in the cause shall prepare his findings of fact and conclusions of law in any case tried before the court. If he shall fail so to prepare them, the party so demanding, in order to complain of the failure, shall, in writing, within five days after such period, call the omission to the attention of the judge, whereupon the period for due preparation and filing shall be automatically extended for five days after such notification."; and pursuant to its terms, the following dates are material: Defendant's amended motion for new trial was overruled November 13, 1943, and time for filing transcript in this court was within sixty days thereafter, or January 12, 1944 (Rule 386). After defendant's initial request for findings (December 2), the trial court had until thirty days before time for filing transcript in which to prepare his findings as per previous demand, or until December 13, 1943. The five-day period for defendant, in writing, to call attention of the trial court to such omission expired December 18, 1943; and the second request was not in fact made until January 5, 1944, date of actual filing of transcript in this court being January 7. A compliance with R.S.1925, Art. 2247, as amended, Vernon's Ann.Civ.St. art. 2247 (now Rule 297 unchanged), has been held essential to a reversal on appeal when error is predicated upon the judicial omission complained of; Gourley v. Eastman, Tex.Civ.App., 70 S.W.2d 305; Eaton v. First Nat. Bank of Littlefield, Tex.Civ.App., 85 S.W.2d 268. See Cain v. Cain, Tex.Civ.App., 134 S.W.2d 506, 508, where, under similar facts, Judge Alexander, for the Waco Court, stated: "If the second request be considered as having been given on December 8th, the date on which the judge signed the order reciting that the matter had been called to his attention on October 12th, it came too late because it was given *after the expiration of the*

*five day period allowed for the second notice."* (Emphasis ours.)

■ Decker's testimony, relative to a verbal lease, was corroborated by witnesses Leyhe and Carter. But appellant argues that Decker could not have relied on such representations, if made, knowing that the main lease expired December 15. Even so, he was not duty bound to make further investigation or inquiry concerning lease conditions, whether permitting renewal or not. From standpoint of plaintiff, the record reflects no fact known to him in anywise militating against the truthfulness of the representations ascribed to defendant. A valid understanding with the lot owner for renewal could have been dehors the writing; Dallas Joint Stock Land Bank v. Rutherford, Tex. Civ.App., 115 S.W.2d 1160; and aside from this, plaintiff had a right to rely upon the fact that Mr. Frankfurt was familiar with his own lease and would not intentionally misrepresent the terms thereof: "It is well settled in this state that where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud cannot defeat a claim for damages based thereon by a plea that the party defrauded might have discovered the truth by the exercise of proper care." Moore v. Beakley, Tex.Com.App., 215 S.W. 957, 958.

In Wortman v. Young, Tex.Com.App., 235 S.W. 559, 561 (appellant's main authority), plaintiff Wortman knew of facts indicating an utter falsity of the particular representations, for which reason, the general rule just stated was held inapplicable; and it was in this connection that Judge Randolph, for the Commission of Appeals, said: "The decisions in this state do not require a party to make an investigation, but he must and will be charged with knowledge of facts which do put him on his guard."

■ Neither was Decker bound in law to take notice of the terms and conditions of the written lease, a clause of which made the tenancy of Frankfurt, after expiration, one from month to month. Appellant seeks to invoke the rule applied in Doyle v. Scott, Tex.Civ.App., 134 S.W. 828, and Missouri, K. & T. R. Co. v. Keahey, 37 Tex.Civ.App. 330, 83 S.W. 1102, 1103, that "A subtenant is chargeable with knowledge of the terms of the lessee's lease." These cases, however, are referable to controversies where rights of primary lessor are involved, i.e., lease provisions enforceable at his instance; the subtenant obviously holding subject thereto. For example, it is only the lessor who may complain of an invalid subletting. 27 T. J., p. 368. On the other hand, the principle is equally well established that no privity of contract exists between original lessor and the subtenant. T.J., supra, p. 380. Upon what theory then may appellant be permitted to interpose the terms of his contract with the head lessor in order to show invalidity of the subsequent and collateral agreement sued upon? And even presupposing knowledge by appellee of lease recitals, such would not be inconsistent with his reliance upon a later transaction of renewal between Frankfurt and lot owner, which, as already pointed out, could have been aside from the lease itself. See Bartlett v. Brightmoor Recreation Club, 267 Mich. 229, 255 N.W. 195, where recovery was permitted under comparable facts; and in 32 Am.Jur., Landlord and Tenant, p. 340, in footnote to Sec. 415, is stated: "The owner of a leasehold who contracted to sublet to one without notice of, or reasonable opportunity for ascertaining, the contents of the head lease, which contained, besides the usual covenants, restrictive covenants which would have made it impossible for the intending sublessee to use the premises for the purpose of giving music lessons, which was part of his professional work, may, upon his refusal to grant a sublease except one subject to all the covenants of the head lease, be held liable in damages for breach of contract. Melzak v. Lilienfeld (1926) 1 Ch(Eng) 480, 15 BRC 313."

■ Error is assigned to the court's ruling wherein W. B. Leyhe, manager and bookkeeper for plaintiff, was permitted to testify from a written memorandum taken from the books. The point is without merit. As disclosed by his answers, Leyhe personally made the particular entries; the evidence also showing that this witness, of his own knowledge and independently of the entries on the books, was familiar with the facts about which he testified.

All propositions urged, upon consideration, are overruled and judgment of the trial court is affirmed.

Affirmed.