JOHNSON v. COOK, COMMISSIONER OF REVENUES.

4-7888                                    192 S. W. 2d 975

Opinion delivered March 4, 1946.

Rehearing denied April 1, 1946.

*Heartsill Ragon* and *DuVal Johnston,* for appellant.

*O. T. Ward,* for appellee.

McHANEY, J. Appellant is a retail florist in Ft. Smith, Arkansas, and is a member of the Florists' Telegraph Delivery Association. Appellee made an order assessing certain sales taxes, and penalties, the amount not being in dispute, against appellant, from which he appealed to the Pulaski chancery court where a decree was entered for appellee and from which is this appeal.

The sales transactions, upon which appellee's order assessing sales taxes and penalties against appellant, are those originating in states other than Arkansas. The orders for flowers were telegraphed to appellant by florists in other states. For example, one of such telegrams in the record is dated April 4, 1945, addressed to Quality Flower Store, Ft. Smith, and reading: "Apr. 10—Mrs. Walter Callahan, 319 N. 6th St. Dozen red roses, six dollars, Card. Happy Birthday, darling—All my love. Walt," and signed, "Newton Florist F. T. D., Norfolk, Va." We interpret this to mean that, on April 10, appellant was to deliver to Mrs. Walter Callahan, 319 N. 6th St., Ft. Smith, one dozen red roses, with a card saying "Happy birthday, darling," and signed Walt, for which "Walt" had paid "Newton," florist in Norfolk, Va., $6. The "F. T. D." meant that florist Newton is a member of the Florist Telegraph Delivery Service, mentioned above. Under the rules of the F. T. D. the forwarding member receives 20 per cent. and the member filling the order 80 per cent. of the gross sale. The tax here involved was levied under "Supplemental Regulation 32.

Telegraphic Orders," and reads as follows: "All receipts derived from 'incoming' telegraphic orders for delivery of flowers or other merchandise to points within the state by florists or other vendors doing business within Arkansas are taxable transactions and are required to be reported as taxable receipts under the Arkansas Gross Receipts Tax Law. Receipts or fees derived from 'outgoing' telegraphic orders placed with florists or other vendors outside the state of Arkansas to a point outside this state are not subject to the tax and may be deducted from the gross receipts in computing the tax.

"Witness my hand and seal this 21st day of January, 1944.

"(Signed) Murray M. McLeod,

"Commissioner of Revenues."

The Arkansas Gross Receipts Act of 1941, being Act 386 of 1941, p. 1056, in § 2(c), defines the term "sale" in part as follows: "The term 'sale' is hereby declared to mean the transfer of either the title or possession for a valuable consideration of tangible personal property, regardless of the manner, method, instrumentality, or device by which such transfer is accomplished . . ." This language, we think, furnishes the basis for regulation No. 32, above quoted, and that it is a valid regulation. Undoubtedly either the "title" or the "possession," and we think both, to the flowers delivered by appellant, on telegraphic orders from out this state, was transferred in this state for a valuable consideration. In other words, that it was a "sale" in this state, because there was a "transfer of either the title or possession for a valuable consideration of tangible personal property" in this state.

So, it appears to us that the florists, in other states, who sent orders to appellant to deliver flowers in this state, were merely the agents of appellant in all these transactions, to receive and transmit the orders and to collect the charges for the flowers to be sold and delivered by appellant, for which service they were to receive and did receive a 20 per cent. commission on the sale

price of the flowers. The F. T. D. had nothing to do with these orders and knew nothing about them at the time.

In the recent case of *State, ex rel. Commissioner of Revenues,* v. *Hollis & Company, ante,* p. 455, 180 S. W. 2d 986, we said that, "The tax is laid upon the sales and not upon the company or person making the sales." And again, in the same case, "The citizenship of the seller is not controlling in determining whether a sale is taxable. It is the situs of the sale that controls. If the sale as here is consummated in Louisiana by a citizen of Arkansas to an Arkansas citizen, it is not taxable in Arkansas under our sales tax law. . . ." But here the situation is entirely different. The flowers sold by appellant were largely grown by him in Arkansas, while others were acquired and kept in storage. The title to them and their possession passed in Arkansas to the person he was directed to deliver them. So the sale was here.

It is also contended that the sales involved were sales in interstate commerce and that to tax them in Arkansas would be an unconstitutional burden on such commerce.

We think the transactions here involved are not interstate in character. The flowers were not shipped out of the state. Only the telegraphic communications from originating florists crossed state lines and there is no tax sought to be collected on the charges for these messages.

Counsel for appellant say there are twenty-three states that have sales tax laws in one form or another, and that the rules and regulations pertaining to the sale of flowers in at least nineteen of them provide that no tax is payable on incoming orders, such as are here involved, but that sales originating in the taxing state are subject to the tax. Assuming that this is correct, and we have not sought to verify it, perhaps it is because of a difference in the wording of the statutes. Our statute, above cited, appears to us to make the sales here involved taxable.

The decree is correct, and is accordingly affirmed.