**Affirmed and Opinion filed November 20, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00833-CV

**JETALL COMPANIES, INC., Appellant**

**V.**

**FOUR SEASONS FOOD DISTRIBUTORS, INC.
AND DAVID DANG, Appellees**

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 12-CV-2294**

## O P I N I O N

Jetall Companies, Inc. appeals from orders granting take-nothing summary judgments on Jetall's breach of contract claim against Four Seasons Food Distributors, Inc. and its tortious interference with contract claim against Four Seasons's vice president, David Dang.

We affirm the trial court's orders granting summary judgment in favor of

Four Seasons and Dang.

## BACKGROUND

Four Seasons was the high bidder at a June 2011 public auction to purchase a shopping center located on Seawall Boulevard in Galveston. Jetall was the second-highest or "back-up" bidder. Before the auction, Jetall and Four Seasons both received the proposed purchase and sale agreement to be signed by the high bidder and property owner PMCF Properties, LLC. Four Seasons executed a purchase and sale agreement for the auctioned property and tendered more than $300,000 in earnest money towards the purchase after the auction in anticipation of a closing in July 2011.

Article 15.1(a) of the June 2, 2011 purchase and sale agreement between high bidder Four Seasons and owner PMCF Properties states as follows: "Buyer shall not assign this Agreement or its rights hereunder to any individual or entity without the prior written consent of Seller, which consent Seller may grant or withhold in its sole and absolute discretion, and any such assignment shall be null and void ab initio."

After submitting the high bid and signing the purchase and sale agreement, Four Seasons decided that it did not want to purchase the shopping center. This decision prompted a meeting between Four Seasons's vice president, Dang, and Jetall's owner, Ali Choudhri, to discuss the assignment of Four Seasons's rights under the purchase and sale agreement to Jetall. On June 16, 2011, Dang signed a one-page "Assignment of Purchase and Sale Agreement" on behalf of Four Seasons as assignor in favor of Jetall as assignee. This document states as follows: "NOW, THEREFORE, for and in consideration of $10.00 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, Assignor does hereby assign all right, title and

2

interest of Assignor under the ***Agreement*** . . . to ***Assignee***." The "***Agreement***" is defined as the June 2, 2011 purchase and sale agreement between Four Seasons and PMCF Properties concerning the sale of the Seawall Boulevard shopping center to Four Seasons as the auction's high bidder.

Following unsuccessful negotiations among PMCF Properties, Four Seasons, and Jetall, an attorney for PMCF Properties sent an email shortly before the closing stating that PMCF Properties would not consent to the assignment to Jetall of Four Seasons's rights and interests under the June 2, 2011 purchase and sale agreement. Four Seasons went forward with the closing as scheduled on July 18, 2011, and purchased the shopping center from PMCF Properties.

Jetall and Choudhri filed suit against Four Seasons and Dang on October 19, 2012. The original petition alleged a claim against Four Seasons for breach of the June 16, 2011 Assignment of Purchase and Sale Agreement, and a claim against Dang individually for tortious interference with the assignment contract. The original petition also asserted claims for fraud and attorney's fees as to both defendants, along with a claim for punitive damages against Dang individually. All claims asserted by Choudhri individually, and all claims asserted by Jetall other than breach of contract and tortious interference, later were nonsuited.

Four Seasons and Dang both filed traditional motions for summary judgment under Texas Rule of Civil Procedure 166a(c). Four Seasons asserted that Jetall's breach of contract claim is foreclosed as a matter of law because (1) the June 16, 2011 assignment agreement is void ab initio; (2) any breach is excused by the failure of a condition precedent; and (3) any breach is excused by mutual mistake. Dang asserted that Jetall's tortious interference claim is foreclosed as a matter of law because (1) Dang could not tortiously interfere with a void contract; and (2) as Four Seasons's agent, Dang could not tortiously interfere with his principal's

3

contract. The trial court signed separate orders granting Four Seasons's and Dang's traditional motions for summary judgment without specifying particular grounds; these orders addressed all live claims remaining in the case and resulted in a final, appealable judgment. Jetall timely appealed.

## ANALYSIS

Summary judgment is proper under Rule 166a(c) when the movant establishes that there is no genuine issue of material of fact and the movant therefore is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see also Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). This court examines the trial court's grant of summary judgment *de novo* by examining "the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

Jetall's brief challenges each of the potential grounds on which the trial court could have granted summary judgment in favor of Four Seasons and Dang. Jetall also assails the trial court's written order sustaining evidentiary objections to seven specific deposition excerpts proffered as part of Jetall's combined response to Four Seasons's and Dang's summary judgment motions. We conclude that the first summary judgment ground asserted by Four Seasons and Dang, which focuses on whether the June 16, 2011 assignment agreement was void ab initio, is dispositive.

Jetall contends that, notwithstanding the anti-assignment provision in Article 15.1(a) of the purchase and sale agreement, "the assignment between Four Seasons and Jetall was not void *ab initio* because the anti-assignment clause was in a contract between Four Seasons and PMCF – not Jetall." According to Jetall, "Four Seasons cannot rely on the terms of its contract *with PMCF* (much less on its

4

breach of that contract) to defend a breach-of-contract claim brought by Jetall." And further: "[N]othing in a contract between PMCF and Four Seasons – a contract to which Jetall was not a party – can limit Jetall's rights and remedies against Four Seasons under the contract between them."

Jetall's contentions rest on the unstated premise that Four Seasons contracted to sell the Seawall Boulevard shopping center to Jetall. But Four Seasons did not agree to sell the shopping center to Jetall under the June 16, 2011 agreement. Instead, Four Seasons agreed only to "assign all right, title and interest of [Four Seasons] . . . under the *Agreement* . . . to [Jetall] . . . ." The "*Agreement*" referenced in the assignment is defined as the June 2, 2011 purchase and sale agreement between Four Seasons and PMCF Properties. When pressed at oral argument to identify which provision in the June 16, 2011 agreement Four Seasons is alleged to have breached, Jetall's counsel pointed to this quoted portion of the assignment agreement.

Four Seasons could not assign to Jetall more rights than Four Seasons had under the purchase and sale agreement with PMCF Properties. *E.g., Camco Int'l, Inc. v. Perry R. Bass, Inc.*, 926 S.W.2d 632, 636 (Tex. App.—Fort Worth 1996, writ denied) ("One cannot convey a right which one does not have.") (citing *Carter v. Assocs. Disc. Corp.*, 550 S.W.2d 399, 401 (Tex. Civ. App.—Amarillo 1977, no writ)). In turn, Jetall could not obtain greater rights from Four Seasons under the purchase and sale agreement than Four Seasons had to assign. *See Sw. Bell Tel. Co. v. Mktg. on Hold Inc.*, 308 S.W.3d 909, 920 (Tex. 2010) ("[A]n assignee under Texas common law stands in the shoes of his assignor.") (citing *Jackson v. Thweatt*, 883 S.W.2d 171, 174 (Tex. 1994)); *see also Davis v. Ward*, 905 S.W.2d 446, 447 (Tex. App.—Amarillo 1995, writ denied). Four Seasons's assignment of its rights under the purchase and sale agreement to Jetall carried with it PMCF's

5

"sole and absolute discretion" to withhold the required written consent to assignment. Under Article 15.1(a) of the purchase and sale agreement, the undisputed absence of written consent from PMCF Properties rendered the attempted assignment to Jetall void ab initio – a "nullity, passing no title and conferring no rights whatsoever." *Diversified, Inc. v. Walker*, 702 S.W.2d 717, 721 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

Jetall invokes *Frankfurt v. Decker*, 180 S.W.2d 985 (Tex. Civ. App.—Dallas 1944, no writ), to support its contention that "Jetall, as the assignee in this case, can sue Four Seasons for damages even though Four Seasons wrongfully assigned the contract to Jetall without PMCF's consent." Jetall misplaces its reliance on *Frankfurt*.

Frankfurt leased a parking lot from its owner and later agreed orally to sublet a portion of the lot to Decker. *Id.* at 985-86. According to Decker's testimony, Frankfurt represented to Decker that Frankfurt recently had signed a new year-long lease on the parking lot with the owner. *Id*. at 986. Frankfurt testified that he told Decker the lease had ended, and that they would occupy the lot on a holdover basis from month to month. *Id*. Decker paid monthly rent to Frankfurt until the owner evicted Decker about four months after the oral sublet agreement began. *Id*. Decker sued Frankfurt and obtained a judgment in the trial court against Frankfurt in an amount representing increased rental costs and other expenses incurred in moving to another lot. *Id*.

The court of appeals affirmed the trial court's judgment in favor of Decker. *Id*. at 987. In so doing, the court rejected a contention that Decker as sublessee was bound by Frankfurt's lease conditions with the lot's owner. *Id*. Jetall quotes a portion of *Frankfurt* and contends: "Just as in *Frankfurt*, Four Seasons should not be allowed to "'interpose the terms of [its] . . . contract with [PMCF] . . . in order

6

to show invalidity of the subsequent and collateral agreement . . . .'" *See id.* Jetall also cites *Four Bros. Boat Works, Inc. v. Tesoro Petrol. Cos.*, 217 S.W.3d 653, 663 (Tex. App.—Houston [14th Dist.] 2006, pet. denied), for the proposition that the "rightful termination of [a] lease between owner and lessee had no effect on lessee's contractual obligations to sublessees."

Jetall's contentions miss the mark because this case involves an assignment, not a sublease. And, unlike *Frankfurt,* this case does involve a claimed misrepresentation by Four Seasons to Jetall regarding the purchase and sale agreement's non-assignability clause. Four Seasons and Jetall both received the purchase and sale agreement containing the non-assignability clause. It follows that Jetall errs when it characterizes Four Seasons as having "wrongfully assigned the contract to Jetall without PMCF's consent." This characterization is erroneous because the assignment was not wrongful; rather, the assignment was a nullity without PMCF Properties's written consent, which PMCF Properties had absolute discretion to withhold and did in fact withhold. Because Article 15.1(a)'s unambiguous terms establish that an assignment lacking PMCF Properties's written consent is void ab initio, Jetall's claim for breach of the assignment agreement fails as a matter of law.[1]

This conclusion also dictates the disposition of Jetall's claim against Dang individually for tortious interference with an existing contract. This tortious interference claim likewise fails as a matter of law because a void contract cannot serve as the basis for a tortious interference claim. *See Juliette Fowler Homes, Inc.*

---

[1] This disposition makes it unnecessary for us to address Jetall's contention that the trial court erroneously sustained Four Seasons's objections to certain portions of Jetall's summary judgment evidence. Jetall contends that the challenged portions are relevant and admissible because Four Seasons asserted a mutual mistake defense that placed state of mind at issue. Because we resolve this appeal on the basis of Four Seasons's first summary judgment ground focusing on the non-assignability clause, we do not address mutual mistake.

*v. Welch Assocs.*, 793 S.W.2d 660, 664 (Tex. 1990), *superseded on other grounds by statute as recognized in Coinmach Corp. v. Aspenwood Apartment, Corp.*, 417 S.W.3d 909 (Tex. 2013); *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 140 (Tex. App.—Waco 2005, pet. denied).

## CONCLUSION

We affirm the trial court's summary judgment orders.


/s/ William J. Boyce
   Justice


Panel consists of Justices Boyce, Jamison, and Donovan.

8