## E. R. WITT v. J. H. HARLAN.

(Case No. 2101.)

1. EVIDENCE—RECORD OF DEED.—For a record copy of a deed to be admissible in evidence, it is not necessary that it contain anything to represent the seal required to accompany the certificate of acknowledgment of the deed. (Following Ballard *v.* Perry, 28 Tex., 347.)

2. CONSTRUCTION—DEED.—The granting clause of a deed recited "do hereby bargain, sell, alien and convey unto, etc., the entire and undivided one-half of all my lands in Texas." It then proceeded: "Some of which are described as follows, to wit:" and described several tracts in Texas owned by the grantor; after which it continued, "as well as all my lands or right to land of any kind and description whether legal or equitable in the state of Texas, or in any of the counties of said state." *Held*, the deed was a conveyance of an undivided one-half interest in all the grantor's lands in this state.

APPEAL from Red River. Tried below before the Hon. D. H. Scott. This was an action of trespass to try title. The appeal was taken

upon an agreed statement of facts presenting two points. The record of the deed from Ringo to Barnes did not show that the officer taking the acknowledgment of the deed had impressed it with his official seal. A copy of that record was offered in evidence. The facts relating to the other point appear in the opinion of the court. The trial resulted in a judgment for plaintiff, Harlan.

*Sims & Wright*, for appellant, cited : McKellar *v.* Peck, 39 Tex., 381; McDaniel *v.* Needham, 61 Tex., 269; 2 Pars. on Cont., 501, notes 502, 513, and note O; Brown *v.* Chancellor, 61 Tex., 443; Love *v.* Pares, 13 East., 80; Adams *v.* Warner, 23 Vt., 395.

*E. S. Chambers*, for appellee, cited : Stroud *v.* Springfield, 28 Tex., 649; Leland *v.* Wilson, 34 Tex., 80; Gaines *v.* Colton, 49 Tex., 101; Johnson *v.* Timmons, 50 Tex., 521; Railway Company *v.* Thurmond, 5 Tex. Law Rev., 762; Wallace *v.* Crow, 6 Tex. Law Rev., 403.

WILLIE, CHIEF JUSTICE.—It was not essential to the admission in evidence of the record copy of the deed from Ringo to Barnes, that anything should appear in the copy to represent the seal required to accompany the certificate of acknowledgment. This was settled in Ballard *v.* Perry, 28 Tex., 347, and is not now an open question.

The deed from Barnes to Harlan, at the very outset, expresses the purpose of Barnes in plain and unmistakable terms. It was to convey the one undivided half of all the lands the grantor owned in Texas. The language is "do hereby bargain, sell, alien and convey unto the said Harlan, his heirs and assigns forever, the entire and undivided one-half of all my lands in Texas." Unless there is something in the remainder of the deed which cannot be reconciled with this intention, it must be so construed as to carry out a purpose so clearly expressed. The deed proceeds as follows: "some of which are described as follows, to wit," and then names over several tracts owned by Barnes in this state. There is no difficulty as to the construction of the deed thus far.

By the use of the words "some of which," the grantor plainly shows his intention to enumerate only a portion of the lands, an undivided one-half interest in which he conveyed to his grantee, and to convey the same interest in the balance without specially describing them. It would be a perversion of the plain meaning of the terms to say that they express a design to convey a half of the enumerated tracts, alone. We then have, so far, a conveyance of the one-half of all the grantor's lands, with a description of a portion only of those

conveyed. The deed, after describing some of the lands, adds, "as well as all my lands, or right to land, of any kind and description, legal or equitable, in the state of Texas, or in any of the counties of said state."

There is no special difficulty in reconciling this language with the preceding portions of the deed. The grantor proposed to convey the one-half of all his Texas lands. To be more definite he enumerated *some* of the tracts included in the conveyance; but to show that he did not intend, by naming these, to confine his conveyance to them only, he, in effect, repeats his original purpose of making his conveyance of an undivided interest extend to his entire landed property in the state. Any other interpretation leads to the greatest inconsistencies. It makes the grantor convey the one-half and yet convey the whole of all his Texas lands to the grantee. It makes the word *some* mean *all;* that is, it makes Barnes enumerate all the lands which he intended to divide with Harlan, when he himself says he only enumerates a portion. If Barnes named only some of the lands in which he conveyed a half interest, he thereby said there are still other lands not enumerated in which Harlan is to have the same amount of interest, and no more.

This is as plain as language can make it. Now, if there are undescribed lands in which a half interest is conveyed, and others in which the whole interest is intended to pass, where are we to draw the line, and separate the one class from the other? How can we tell whether the land in controversy belongs to one class or the other? It was not named in the deed. But we have light thrown upon what the grantor meant in using the word "all," by referring to the manner in which he had already used it in the preceding part of the deed. In naming over some of the lands, in which he conveyed a half interest to Harlan, he describes three of the tracts as follows: "All the lands that I own, located and held by virtue of or under the Isaac G. Williams certificate, situated in Collin county, in three surveys," etc. No other construction can possibly be given to this expression except that the grantor conveyed the one-half of all the lands located under the Williams certificates. So when Barnes used the expression, "all my lands of every kind and description," he intended that they should be construed in connection with his previous language in conveying an undivided half interest in all his Texas lands, and that no greater interest should pass under the conveyance.

This construction reconciles all parts of the deed and makes them consistent with each other, and none other will have that effect. It makes the clear intent of the grantor control. It takes the whole con-

text of the instrument into consideration in determining its meaning. It makes the former clause control the latter. It is therefore in accordance with well recognized canons for construing deeds and like instruments. 2 Pars. on Cont., 501, 502, 513.

We think the court erred in holding that the deed passed the entire interest of the grantor in the land in controversy, and are of opinion that it conveyed no more than the one-half. The judgment will therefore be reversed and rendered here for the appellee for an undivided half of the land, and the cause will be remanded for a partition in accordance with the respective rights of the parties, as herein determined.

It is accordingly so ordered.

                        REVERSED AND REMANDED.

[Opinion delivered November 9, 1886.]