Walter YOUNG, Appellant,

v.

Luther DE LA GARZA et al., Appellees.

No. 16179.

Court of Civil Appeals of Texas.

Dallas.

May 24, 1963.

Miller & Martin, Dallas, for appellant.

Goldberg & Alexander and James A. Baker, Dallas, for appellees.

WILLIAMS, Justice.

Appellant's suit upon a promissory note and foreclosure of a lien was answered by appellees by verified plea of misrepresentation and failure of consideration. By cross-

action appellees affirmatively sought cancellation and rescission of the note and lien as well as recovery of money damages. Appellant's motion for summary judgment being overruled, the case proceeded to trial before the court, without a jury. Judgment was rendered that appellant take nothing; that the note and lien sued upon be cancelled; and that appellees recover $4,385.33 from appellant. Appellant seeks reversal of this decree upon eight points of error which we have carefully examined and finding no merit in any of them, we affirm the judgment of the trial court.

## FACTS

On October 10, 1955 a lease agreement was entered into between Martin Weiss, as lessor, and Walter Young, as lessee, said lease being for a period of thirty years and covering certain real property located in the City of Dallas, Texas. Lessee Young erected certain improvements upon the property.

The lease in question is typewritten and contains fourteen numbered clauses. Two clauses of the lease are subject to construction in this suit. Clause three reads: "that the lessee shall not assign this agreement or underlet the premises, or any part thereof (except as may be mentioned herein) without the consent of the lessor in writing (see #14.)" Clause number fourteen reads "it is agreed and understood between lessor and lessee that lessee shall have the privilege of assigning or selling this lease to other persons or corporations subject to the conditions and covenants herein."

Martin Weiss, the original lessor, died and his widow, Mrs. Martin Weiss and the Republic National Bank of Dallas became co-independent executors of his estate.

On November 23, 1960, following negotiations, appellant Young and appellees Luther De La Garza and J. E. Gonzales, Jr. consummated an agreement whereby appellant, by warranty deed, conveyed to appellees his leasehold interest and all improvements located on the lease property for an agreed price of $25,000. Appellees paid $4,000 cash and executed a note in the sum of $21,000 payable in installments, secured by a deed of trust on the improvements. It is without dispute in this record that no written consent of the original lessor was ever obtained by appellant prior to the making of the lease agreement with appellees. Appellees defaulted in the payment of installments on the note and this suit resulted. Appellees answered that appellant did not have authority to sell and assign to them the lease in question since appellant did not secure the written consent of the lessor to make such assignment, and therefore there was no valid consideration. Appellees also contended that appellant had represented to them that he had the authority from the lessor to assign the lease and that such representation was false, justifying cancellation and rescission.

Bernard Hirsch, who had been employed by Mrs. Martin Weiss to aid in the management of her property, testified that in June or July of 1960 appellant Young called him and told him about negotiations for the sale of the lease and asked if "we would be willing to give him permission to assign the lease to these people." Hirsch said that he, acting on behalf of the Weiss estate, never gave oral or written consent to the assignment of the lease. He also testified that, to his knowledge, Mrs. Weiss did not give her consent to the assignment. According to Hirsch neither he nor Mrs. Weiss knew that the assignment had been entered into between appellant and appellees in November 1960 until the early part of 1961 and that he, as agent for the Weiss estate had refused to recognize the appellees as tenants.

James P. Donovan, trust officer of the Republic National Bank of Dallas which was co-independent executor of the estate of Weiss, testified that he talked to appellant Young on the telephone in the early part of 1961 concerning the assignment of the lease and advised Young at that time that any assignment would have to be with

the written consent of the Weiss Estate. On February 24, 1961 Donovan wrote Young a letter in which he stated: "Our interpretation of the lease agreement in respect to paragraphs numbered three and fourteen providing that while you have the right to assign or sell the lease agreement, you cannot do so without consent of the lessor in writing and then only subject to your being fully responsible for the term, conditions, and covenants in the lease agreement." Donovan related that he had a conversation with appellee Gonzales in February 1961 and refused to recognize Gonzales as tenant of the property. According to Donovan the Trust Department of the Bank had no prior knowledge of the attempted assignment to appellees prior to the time the Bank failed to recognize appellees as tenants in February 1961.

## OPINION

One of the primary contentions of appellant, as reflected by his first three points of error, is that under the express provisions of the original lease agreement it was not required that lessee obtain written permission from the lessor in order to sublet the premises and therefore the trial court was in error in concluding, as a matter of law, that the lease did require written consent for assignment.

To properly construe the provisions of the lease agreement we must be ever mindful of certain basic and cardinal rules of construction. The first of such rules is that the intention of the parties be ascertained and given effect. As we pointed out in Davis v. Andrews, Tex.Civ.App., 361 S.W.2d 419, even this primary rule of construction must be immediately modified with the restriction that it is not the intention which the parties may have had, but failed to express in the instrument, but it is the intention which by said instrument they did express. The question is not what the parties meant to say but the meaning of what they did say. 19 Tex.Jur.2d § 111, p. 401. Provisions in a contract which are apparently conflicting are to be reconciled and harmonized, if possible, by reasonable interpretation, and the contract as a whole given effect. To accomplish this the court will look to the entire instrument and not to isolated parts thereof. 10 Tex.Jur. § 179, p. 311. In event of conflict between the clauses of an agreement whereby the meaning is obscured or rendered doubtful the expression in the clause first appearing will control. Witt v. Harlan, 66 Tex. 660, 2 S. W. 41; Benskin v. Barksdale, Tex.Com. App., 246 S.W. 360; Osburn v. Smart, Tex. Civ.App. wr. dism., 58 S.W.2d 1073.

From a reading of the entire lease agreement, what did the parties intend with reference to future assignments? By paragraph three the parties expressly stated that the lease could not be assigned without the consent of the lessor in writing. This provision is nothing more than the statutory prohibition of reassignment contained in Art. 5237, Vernon's Ann.Civ.St. Such statute is made a part of every lease contract by operation of law. So, in order to change or modify the express and statutory prohibition of reassignment without written consent, the parties must necessarily clearly express their intent. Appellant argues that such was done in paragraph fourteen of the lease. However, an examination of this paragraph reveals that the parties merely stated therein that lessee shall have the privilege of assigning or selling the lease "subject to the conditions and covenants herein." The "covenants and conditions contained therein" included, among others, not only the express but the statutory prohibition of reassigning without written consent of the lessor. Paragraph fourteen does not expressly state that reassignment may be made without written consent of the lessor and we cannot say that the parties intended this meaning to be read into the contract.

Whether an instrument is ambiguous is a question of law. The construction to be given an unambiguous instrument is a question of law and not one of fact.

Davis v. Andrews, Tex.Civ.App., 361 S.W. 2d 419. If an instrument is held to be ambiguous the trial court may allow extrinsic evidence to show the intent of the parties. In this case the record is devoid of any extrinsic evidence, and while the parties may have intended to provide reassignment without consent of lessor they did not express such intent by paragraph fourteen of the lease.

■ By his fourth, fifth and sixth points of error appellant earnestly contends that even though the trial court was correct in finding that the written consent of the lessor was required, yet in the event of breach it is only the lessor that may complain and since, in this case, the lessor has made no complaint the contract between appellant Young and appellees is binding on the parties. Furthermore, says appellant, lessor has waived his right to demand written consent. In support of these points appellant relies upon such cases as Ewing v. Moran, Tex.Civ.App., 166 S.W.2d 760; Frankfurt v. Decker, Tex.Civ.App., 180 S. W.2d 985 and Apperson v. Shofner, Tex. Civ.App., 351 S.W.2d 367 which hold, generally, that the prohibition of the statute against subletting without prior consent of the landlord is solely for the benefit of the landlord and that he alone may complain of the wrong done by such subletting. We find no fault with the holdings of these cases but are of the opinion that under the facts of this case the same are not controlling. The rule relied upon by appellant postulates an absence of complaint by the lessor. It would necessarily follow that if there was a complaint lodged by the lessor, or landlord, then the assignee may assert his legal rights. The situation is demonstrated in one of the cases cited by appellant, Frankfurt v. Decker, Tex.Civ.App., 180 S.W.2d 985 in which the landlord did file a complaint and evicted the subtenant. The suit concerned the lessee and sublessee and the court allowed recovery to sublessee for his damages.

■ It is well settled that without the consent of the landlord the subtenant is a trespasser and occupies the attitude of a stranger to the landlord. Brown v. Johnson, 118 Tex. 143, 12 S.W.2d 543; Richmond v. Broughton, Tex.Civ.App., 190 S.W. 2d 842, err. ref. w.o.m. There is ample evidence in this record that the co-executors of the estate of Martin Weiss refused to recognize appellees as tenants. Being subjected to non-recognition by the original lessor, and owner of the land, appellees were relegated to their cause of action seeking relief against appellant not only for failure of consideration but for cancellation and rescission. In an action for cancellation and rescission plaintiff's position is that the contract was void ab initio and the rights of the parties in reference to the subject matter are as if no contract had ever been made. Hunt County Oil Co. v. Scott, 28 Tex.Civ.App. 213, 67 S.W. 451.

■ Nor do we believe that the record reveals an effective waiver of any rights of the original lessor which would preclude recovery by appellees against appellant. Waiver is an intentional surrender of a right known to exist and usually it is a question of fact. Moreover, waiver is an affirmative defense and must be specifically pleaded. Appellant filed only a general denial in response to appellees' cross-action. Waiver is not available as a defense under a general denial. Young v. Haynes, Tex. Civ.App., 295 S.W.2d 536; Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855; 43–B Tex.Jur. 489–490. Furthermore, there is no evidence that the estate of Martin Weiss, deceased, knew anything about the attempted sublease in question or knew that payments made under the lease to the Republic National Bank monthly were made by anyone other than appellant, prior to the repudiation of such agreement in February of 1961. In absence of proof of knowledge of the material facts by the original lessor, or his legal representative, an essential element of the doctrine of waiver is absent. Ford v. Culbertson, 158 Tex. 124, 308 S.W. 2d 855; 43–B Tex.Jur. 479.

672

By his seventh point appellant says that the trial court's findings of fact and conclusions of law numbers nine through twenty are not supported by the record and cannot afford the basis for judgment herein. This point is multifarious and therefore does not comply with Rule 418, Texas Rules of Civil Procedure. However, from the statement and argument under this point it is obvious that appellant chiefly complains of findings of fact number nine which is to the effect that plaintiff represented to defendants that he was authorized by the lessor to assign the lease in question. We are also of the opinion based upon the statement of appellant, that this point is a "no evidence" point, and therefore the judgment must be affirmed if there is any evidence of probative value to support the finding complained of by appellant. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114. We have carefully read the statement of facts in this case and find ample evidence to support the court's findings of fact number nine as well as all of the other questioned findings. Appellee Gonzales testified positively that appellant represented to him that he had the right to convey the lease in question. We deem it unnecessary to review all of the testimony but having read the entire statement of facts we find sufficient evidence to support the trial court's conclusions. Neither can we say that such findings and conclusions are so contrary to the great weight and preponderance of the evidence as to be manifestly wrong. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

By his eighth, and last point, appellant contends that the trial court erred in refusing to grant his summary judgment. We cannot agree. Appellees' reply and answer to the motion for summary judgment presented a question concerning the existence of a genuine issue of material fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. Furthermore, the affidavit in support of appellant's motion for summary judgment was defective in that it did not meet the requirements of Rule 166–A

(e), T.R.C.P. in that (1) it contained hearsay statements and conclusions which would not be admissible upon the trial, and (2) said affidavit does not allege that it was made on the personal knowledge of the affiant. Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, err. ref.; Lawyers Surety Corp. v. Sevier, Tex.Civ.App., 342 S.W.2d 604; Youngstown Sheet & Tube Co. v. Penn, Tex., 363 S.W.2d 230.

The judgment of the trial court is affirmed.