**FAIR WEST BUILDING CORPORATION,**
Appellant,

v.

**TRICE FLOOR COVERINGS, INC.,**
Appellee.

No. 16664.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 24, 1965.

Max E. Clark and G. V. Morton Minton, Fort Worth, for appellant.

Dalton, Moore, Forde & Joiner, T. M. Dalton, Jr., and Dan W. Stansbury, Dallas, for appellee.

RENFRO, Justice.

A lease contract was executed by Trice Floor Coverings, Inc., and Fair West Building Corporation for a ten year period beginning February 1, 1955, with a five

year option. Trice, the tenant, at the expiration of the ten year period, exercised its option and is occupying the described premises.

Plaintiff, lessee, desires to sublet a portion of the premises for the use and occupancy by a subtenant for purposes which are not in violation of law or the zoning ordinances applicable to the premises, but for a purpose other and different from those normally found in a floor covering store and not performed by Trice Floor Coverings, Inc.

Under declaratory proceedings the trial court decreed that plaintiff has the right under the indenture of lease between the parties to sublet all or any part of the premises described in said lease to subtenants for their use and occupancy for any purpose or purposes not in violation of law or the zoning ordinances applicable, and to make such changes and additions to the interior of the premises as shall be reasonably necessary for convenient use of the premises by plaintiff and its subtenants which do not affect the structural quality of the building.

Defendant contends the court erred because: the use of the building is restricted to the operation of a unit of Trice Floor Coverings, Inc.; subletting by the tenant is subject to all other provisions of the lease; and plaintiff has no right to make changes to the interior of the premises without the consent of the landlord.

In paragraph 4 "The Landlord and Tenant agree that said premises, during the continuance of this lease, may be used and occupied by tenant only for: Operating a unit of Trice Floor Coverings, Inc. and for no other purpose."

Paragraph 5 prohibits the tenant from making any structural changes in the premises.

Paragraph 7 requires the landlord's consent for changes to the exterior, but does not require consent for alterations, improvements, etc., inside the premises.

Paragraph 12 provides: "The Tenant may assign or transfer this lease or Tenant may at any time or from time to time sublet all or any part of the premises to sublessees, concessionaires, or independent contractors, provided, however, that no such assignment or sub-letting shall in any wise release Tenant from its obligation to pay the minimum guaranteed and percentage rentals herein stipulated. However, no assignment of the lease by the Tenant shall be effective as to the Landlord until the Landlord has been furnished with a true copy of the instrument of assignment, including the post office address of the assignee and said assignment shall not release the Tenant from any obligations under this lease."

Defendant relies for reversal upon Young v. De La Garza, Tex.Civ.App., 368 S.W.2d 667, and Grossmann v. Barney, Tex.Civ. App., 359 S.W.2d 475.

In the Young case the lease itself contained an express prohibition of reassigning without written consent of the landlord. In the Grossmann case the lease provided that no alteration would be made without the landlord's written consent.

In the instant case the tenant proposes to make alteration in the interior of the building only, and the lease does not require consent of or notice to the landlord for such changes as contemplated.

■ Although Article 5237, Vernon's Ann.Civ.St.Tex., provides that a person renting land or tenements shall not rent or lease the same during the term of the lease to any other person without consent of the landlord, such provision is for the sole benefit of the landlord and he may waive said provision. 36 Tex.Jur.2d, p. 63, § 224.

Paragraph 12 gives the tenant the right to sublet. The only requirements of the tenant are that it remain liable for the

rent, and that if the lease is assigned to another a copy of the assignment be delivered to the landlord. The sublease provision does not refer to any other part of the contract, except as to rent liability, and does not by reference or otherwise expressly make the sublease provision subject to any other provision of the lease agreement.

By unqualified words the parties in paragraph 12 said that the tenant might sublet all or any part of the premises to sublessees, concessionaires or independent contractors. The provision does not confine such subtenants to any particular usage of the premises, and does not restrict the lessee's right to sublet to any class of persons or businesses.

If in fact there are conflicts between paragraphs 4 and 12, such conflicts must be reconciled and harmonized, if possible, by reasonable interpretation, and the contract as a whole given effect. To uphold defendant's contention that the premises may be used only for operating a unit of Trice Floor Coverings, Inc., would render paragraph 12 meaningless and of no effect. We are bound by the meaning of what the parties said in the lease. 19 Tex. Jur.2d, p. 401, § 111. Considering the instrument from its four corners, it is reasonably susceptible to the construction given by the trial court.

We think the court was correct in decreeing the plaintiff had the right to make reasonably necessary interior changes for two reasons, first, the lease does not require the consent of the landlord for such alteration, but in fact assumes that the tenant will from time to time make interior alterations; and, second, as held by this Court in Mayer v. Texas Tire & Rubber Co., 223 S.W. 874 (Fort Worth Civ.App., 1920, no writ hist.), the stipulation in the contract according the lessee the right to sublet the premises, in part or in whole, carries with it the right of the lessee to make such changes and additions in the building as are reasonably necessary to the lease of the building by such tenants, provided such changes do not constitute a substantial change in the structural quality of the building, and where the additions can be removed at the expiration of the lease without injury to the building.

Affirmed.