**ABS SHERMAN PROPERTIES, LTD., a Limited Partnership, d/b/a Plaza Professional Mall, Appellant,**

**v.**

**Ibrahim Abu SARRIS, M.D., Professional Association, and Dr. Ibrahim Abu Sarris, Appellee.**

No. 8935.

Court of Appeals of Texas, Texarkana.

Oct. 13, 1981.

Rehearing Denied Nov. 24, 1981.

Robert W. Minshew, Kennedy, Minshew, Campbell & Cain, Sherman, Lawrence M. Wells, Rohde, Chapman, Ford & How, Dallas, for appellant.

John B. Kyle, Henderson, Bryant, Wolfe, Vogelsang & Graber, Sherman, for appellee.

HUTCHINSON, Justice.

This is an appeal from the granting of a motion for summary judgment.

Appellant, (hereafter Landlord), ABS Sherman Properties, Ltd., brought suit against appellee, (hereafter Tenant), Ibrahim Abu Sarris, M.D., Professional Association, and Dr. Ibrahim Abu Sarris, for lease payments under a lease agreement providing for the lease of office space.

The lease agreement was entered into on February 10, 1977, and called for Landlord to do certain construction improvements to Tenant's specifications. Paragraph 4 is the portion of the agreement giving rise to this suit. It reads:

"4. CONSTRUCTION OF IMPROVEMENTS: Landlord agrees to construct with reasonable promptness (subject to delays caused by strikes, governmental restrictions, acts of God, unavoidable casualties, labor or material shortages, or causes beyond the control of Landlord) improvements specified on the attached Exhibit 'C'. Landlord agrees that it shall substantially complete such improvements within twelve (12) months of the date of the execution of this lease agreement; provided, however, that if Landlord is delayed in the construction of the improvements for any of the reasons set forth above, then Landlord shall have such time which it has been delayed in addition to the twelve (12) months. In the event Landlord shall not have substantially completed the construction within the time period set forth above, Tenant may at its option, terminate this agreement by written notice to Landlord. Prior to exercising said option to terminate this lease, Tenant shall give Landlord sixty (60) days advanced notice of its intention to exercise said option. If the improvements are substantially completed prior to the end of said sixty (60) day period or before notice of termination is actually received by Landlord, then this lease shall not be cancelled or terminated but shall be in full force and effect."

By letter dated December 8, 1977, Tenant gave written notice to Landlord of his intention to exercise the option to terminate under Paragraph 4 of the lease agreement. By letter dated February 9, 1978, Tenant gave notice that he had exercised his option to terminate the lease agreement. Thereafter Landlord instituted this suit for damages and attorney fees.

Landlord and Tenant stipulated the facts, including the amount of Landlord's damages and the amount of a reasonable and necessary attorney fee. Thereafter each filed a motion for summary judgment and the trial court entered a take nothing judgment against Landlord.

It was stipulated that Landlord did not substantially complete the improvements within twelve months of the date of the execution of the lease agreement but that they were substantially complete on April 8, 1978, which date was within one year and sixty days of the execution of the lease agreement.

The entire controversy between the parties in the trial court and this Court is based upon the legal effect of Paragraph 4 of the lease agreement, particularly the legal effect of the last three sentences thereof.

▮ It is the general rule of the law of contracts that where an unambiguous writing has been entered into, the courts will give effect to the intention of the parties as is expressed in every clause of the writing. *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex.1968); *Young v. DeLaGarza*, 368 S.W.2d 667 (Tex. Civ.App.—Dallas 1963, no writ). Here, as in *Bales v. Jones*, 288 S.W.2d 266 (Tex.Civ. App.—Fort Worth 1956, writ ref'd n. r. e.), neither party sought reformation or rescission of the contract. There was no allegation or proof of any fraud or mistake, nor was there a contention that the language of the lease agreement was ambiguous. Under these circumstances, the terms of the agreement here should be given their ordinary meaning and natural import. To do this, the court must look to the entire instrument with the presumption that every provision was included for a purpose and that the parties intended every word in it to

have some meaning, effect or purpose. *TM Productions, Inc. v. Nichols*, 542 S.W.2d 704 (Tex.Civ.App.—Dallas 1976, no writ); *Masterson v. Gulf Oil Corporation*, 301 S.W.2d 486 (Tex.Civ.App.—Galveston 1957, writ ref'd n. r. e.). The subject matter of the agreement and the situation and objective of the parties at the time the agreement was entered into should be considered as well. *Neiman-Marcus Company v. Hexter*, 412 S.W.2d 915 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.), quoting *Howeth v. Anderson*, 25 Tex. 557 (1860).

■ Landlord bases its contention that the lease agreement was in effect on April 8, 1978, by concentrating upon the third, fourth and fifth sentences of Paragraph 4. Sentence three clearly indicates that Tenant's option to terminate the lease could not arise until the end of the twelve month substantial completion period. The fourth sentence puts a further restriction on Tenant's ability to terminate the lease by requiring sixty days "advanced written notice of its intention to exercise said option." The sixty days advance notice cannot be coterminous with the twelve month period without rendering the fifth and final sentence of Paragraph 4 meaningless. Another rule of construction applicable to contracts is that the court will, if possible, give effect to all parts of an instrument and an interpretation that gives effect to all parts of an instrument and a reasonable meaning to all its provisions will be preferred to one that leaves a part of a writing useless. *Smith v. Davis*, 453 S.W.2d 340 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). What may first appear to be a conflict must be reconciled and harmonized, if possible, by reasonable interpretation and the contract as a whole given effect. *Fair West Building Corporation v. Trice Floor Coverings*, 394 S.W.2d 707 (Tex.Civ.App.—Fort Worth 1965, no writ). To uphold Tenant's contention would render a portion of Paragraph 4 meaningless and of no effect. It must be presumed that every portion of a contract is there for a purpose and cannot by the courts be disregarded. *Jones v. Dumas Development Co.*, 229 S.W.2d 936 (Tex.Civ.App.—Amarillo 1950, writ ref'd n. r. e.).

The Tenant is correct in its assertion that if the lease agreement is interpreted as contended by Landlord, Landlord would have had fourteen months instead of twelve to complete the construction of the improvements. This assertion is correct and can easily explain why the last sentence of Paragraph 4 is in the lease. The rule of construction applicable here is one which requires courts to give effect to all parts of an instrument, if possible, in preference to holding a portion of the writing to be useless.

■ Tenant also argues for the application of the rule of construction which requires that a lease be construed most strongly against the lessor. This rule is applied, however, only when the lease provisions are ambiguous. *Fisher v. Temco Aircraft Corporation*, 324 S.W.2d 571 (Tex.Civ. App.—Texarkana 1959, no writ); *Dedear v. Wilson*, 220 S.W.2d 534 (Tex.Civ.App.—Austin 1949, writ ref'd); *City Hotel Co. v. Aumont Hotel Co.*, 107 S.W.2d 1094 (Tex. Civ.App.—San Antonio 1937, no writ). Here the language of the lease agreement is plain and therefore is given effect as written.

The judgment of the trial court is reversed, and judgment is here rendered for the Landlord and the court below is instructed to enter judgment for the Landlord in the sum of $10,500.00 as damages, $2,500.00 for its attorney fee, each with interest at the rate of 9% from the 19th day of June, 1980.

BLEIL, Justice, dissenting.

I dissent.

A reading of Paragraph 4 of the lease agreement shows its primary intent to be that the Landlord was to complete the improvements within twelve (12) months. If this is not done by the Landlord, then a right is given to the Tenant to terminate the lease. The decision of this Court takes away that right given to the Tenant by the parties' agreement.

This controversy centers on the legal effect of Paragraph 4 *as a whole*, not particularly "the last three sentences thereof" as stated. The majority's misperception of this point is the basis for my disagreement.

In construing this agreement the intention of the parties must be ascertained and given effect. *Young v. DeLaGarza*, 368 S.W.2d 667 (Tex.Civ.App.—Dallas 1963, no writ). It is apparent from the provision of this lease that the Landlord was to complete the improvements within twelve (12) months and, if he did not do so, the Tenant had a right to terminate the lease. The sixty-day notice provision deals with the manner in which the Tenant should terminate if the improvements were not completed within twelve (12) months.

Assuming, however, that there is some question about the interpretation of Paragraph 4 of the agreement, then I would affirm the judgment of the trial court on the basis of two general rules of construction. These rules are, (1) a lease will be most strongly construed against a lessor. *Sirtex Oil Industries, Inc. v. Erigan*, 403 S.W.2d 784 (Tex.1966); 35 Tex.Jur.2d *Landlord and Tenant* § 20; and (2) in instances of a conflict between provisions of an agreement which render the intention doubtful, the expression in the clause first appearing will control. *Witt v. Harlan*, 66 Tex. 660, 2 S.W. 41 (1886); *Young v. DeLaGarza*, supra.

Assuming doubt as to the meaning of Paragraph 4 brings into play these rules of construction. These provisions should be construed against the lessor. Further, both the requirement that the Landlord substantially complete the improvements within twelve (12) months, and the right of the Tenant to terminate the agreement if such completion is not accomplished within twelve (12) months, appear in Paragraph 4 before the provision requiring sixty (60) days notice of intention to terminate. The subsequent notice of termination provision should not govern the two clauses first appearing in the paragraph. The opinion of this Court construes the agreement in a manner not obviously intended from the words used by the parties and in a manner not in accordance with ordinary rules of contract construction.

It seems curious that while the majority holds the lease agreement language to be plain and purports to give it effect as written, two of the four reviewing judges would give this "plain language" an opposite effect. The purpose of contractual rules of construction is to resolve this kind of conflict.

I would affirm the trial court's judgment.